# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re<br><br>LORETTA MERRY BOWARD,<br><br>　　　　　　Debtor | Chapter 7<br>Case No. 03-17995-RS |
| PAUL ALLIGUIE,<br><br>　　　　　　Plaintiff<br>v.<br><br>LORI BOWARD,<br><br>　　　　　　Defendant | Adversary Proceeding<br>No. 03-1520 |

## MEMORANDUM OF DECISION AND ORDER
## ON THIRD MOTION TO DISMISS AS TO LORI BOWARD

The Plaintiff's amended complaint herein seeks a determination of the dischargeability of a California judgment obtained by the Plaintiff against the Debtor in the amount of $1,058,030. The Plaintiff contends that the judgment debt is excepted from discharge under 11 U.S.C. § 523(a)(2)(A) as a debt for a loan obtained by fraud and false representations and under § 523(a)(6) as a debt for willful and malicious injury. The gravamen of the action that resulted in the California judgment, and of the present adversary complaint, is that the Debtor fraudulently induced the Plaintiff to lend money to a corporation of which the Debtor was then president.

The adversary proceeding is now before the Court on the Debtor's third motion to dismiss the adversary proceeding. With this motion, she seeks dismissal of the complaint solely under Rule 12(b)(6), for failure to state a claim on which relief can be granted. The Plaintiff has filed an opposition to the motion. After a hearing on the motion, and for the reasons set forth below, the Court now denies the motion to dismiss.

**Standard of Review**

A court may dismiss a complaint on a motion under Rule 12(b)(6) "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 507, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002), citing *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59. Stated otherwise, the Court may dismiss "only if it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory." *Correa-Martinez v. Arrillaga-Belendez*, 903 F.2d 49, 52 (1st Cir.1990). For purposes of this analysis, the Court must "take the factual averments contained in the complaint as true, indulging every reasonable inference helpful to the plaintiff's cause." *Garita Hotel Ltd. v. Ponce Federal Bank*, 958 F.2d 15, 17 (1st Cir.1992).

**Discussion**

The Debtor contends that the complaint fails to state a claim under § 523(a)(2)(A) on which relief can be granted because it does not establish the existence of a debt owing from the Debtor to the Plaintiff.[1] The Court rejects this argument on two grounds. First, insofar as a motion to dismiss tests only the sufficiency of the pleadings, not of the evidence, the Plaintiff need not at this juncture have "established" the existence of a debt. Rather, his complaint need only have *alleged* the existence of a debt. Second, the complaint alleges that the Plaintiff has obtained a judgment against the Debtor herself (not just the corporation of which she was president) in the amount of $1,058,030, and in so alleging, the complaint *does* allege the existence of a debt. A judgment is a debt in itself, not merely evidence of an underlying debt,

---

[1] The Debtor contends that Plaintiff's extension of credit was not to the Debtor herself but to a corporation of which the Debtor was then president.

2

liability, or obligation; at trial, the Plaintiff can establish the debt simply by proving the existence of the judgment. Therefore, the complaint does not fail to allege the existence of a debt.

The Debtor also challenges the sufficiency of Plaintiff's count under § 523(a)(6). She argues that subsection (a)(6) requires proof of intent to injure, and that the complaint fails to allege such intent. The Court agrees that subsection (a)(6) requires proof of intent to injure. *Kawaauhau v. Geiger*, 523 U.S. 57, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998). And the Court further observes that the amended complaint does not, in so many words, allege that the Debtor "intended to injure" the Plaintiff. Nonetheless, the complaint does plainly say that the debt in question is one for "willful and malicious injury." In employing these words, the Plaintiff is alleging that the injury in question is a "willful injury" within the meaning of the statute. This is sufficient. Moreover, nothing alleged in the complaint is inconsistent with intent to injure. Quite to the contrary, the Plaintiff's allegations of fraudulent inducements made with knowledge of falsity are entirely consistent with an intent to injure. Therefore, it is not clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. For these reasons, the count under § 523(a)(6) does not fail to state a claim on which relief can be granted.

## **ORDER**

For the reasons set forth above, the Court hereby ORDERS that the Third Motion to Dismiss as to Lori Boward is DENIED. The Debtor shall file her answer within 14 days of entry of this order, and the Court will then issue a pretrial order.

Date: June 27, 2005

Robert Somma
United States Bankruptcy Judge

cc: David G. Baker, Esq., for Debtor
    Leo F. Donahue, Esq., for Plaintiff